THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JOHN SHERMAN, Defendant-Appellee.

First District (4th Division) No. 1—87—3291

Opinion filed November 2, 1989.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, James E. Fitzgerald, and Pradeep Roy-Singh, Assistant State's Attorney, of counsel), for the People.

Sam Adam, of Chicago, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The defendant, John Sherman, was charged with possession of cocaine with intent to deliver. The trial court granted the defendant's motion to suppress evidence seized from his luggage after exposure to a narcotics detector dog, and the State has appealed. The issue on appeal is whether the police had a reasonable, articulable suspicion that the luggage contained contraband.

At a hearing on the motion to suppress, the defendant presented testimony by Chicago police officer Robert Glynn and Agent Mel Schabilion of the Drug Enforcement Agency. Glynn testified that at 9 a.m. on February 3, 1987, he went to the Amtrak station in Chicago. He had been told by Dennis Kroll of the Amtrak police department that two passengers traveling under the name of Rosenstock had paid cash for a one-way ticket from Fort Lauderdale, Florida, to Chicago, then on to Lapeer, Michigan. They had purchased a roomette and gave a call-back number which was to a hotel. Investigation revealed that no one named Rosenstock was staying at the hotel.

At the station, Glynn observed the defendant and his companion, later identified as Mr. Whitlock, exit the train together. Each was carrying a suitcase. After walking a few feet to a door, the defendant stopped and Whitlock continued to walk. When Whitlock was approximately 10 feet ahead, the defendant began to walk. Glynn and his partners then stopped Whitlock, identified themselves as police

officers and asked if he would speak with them. The defendant continued to walk until he was similarly stopped. Both men consented to talk to the officers, and the group moved to a nearby waiting room.

In response to the officers' questioning, the defendant produced a Michigan driver's license. He was told that he was not required to answer any questions, and he chose not to do so. The defendant seemed businesslike, intelligent and "a little bit afraid." Glynn informed the defendant that his luggage would be detained for exposure to a narcotics detector dog. Glynn gave the defendant his card and took down the defendant's address so the luggage could be returned. Whitlock's bag was also detained, and he and the defendant left the station.

Agent Schabilion brought the dog from his car. The dog signaled the presence of narcotics in both bags, and a search warrant was obtained. Cocaine was found in the defendant's bag; Whitlock's bag contained no narcotics.

The State presented the testimony of Dennis Kroll. Kroll testified that he checked computer reservations for passengers coming into Chicago from drug-source cities, including Fort Lauderdale, Florida. Kroll essentially corroborated the testimony of Glynn that the defendant and a companion were traveling under the name Rosenstock; they had purchased a one-way cash ticket; and the call-back number was to a hotel which had no one registered under the name Rosenstock.

At the conclusion of the hearing, the trial court granted the defendant's motion to suppress, stating that "[b]ase[d] on the credibility of the witnesses, the facts and circumstances as I understand them, the motion to suppress the evidence and quash the warrant will be sustained."

■ The detention of luggage for purposes of investigation must be justified by a reasonable suspicion based on specific articulable facts that the luggage contained narcotics. (*United States v. Place* (1983), 462 U.S. 696, 77 L. Ed. 2d 110, 103 S. Ct. 2637.) In determining whether a reasonable, articulable suspicion exists, the court must consider the totality of the circumstances. (*United States v. Sokolow* (1989), 490 U.S. 1, 104 L. Ed. 2d 1, 109 S. Ct. 1581.) A trial court's ruling on a motion to suppress evidence will not be reversed unless manifestly erroneous. *People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.

■ In the case at bar, the State contends that the following factors established a reasonable, articulable suspicion that the defendant's luggage contained narcotics. The defendant and his companion

occupied a roomette paid for in cash under the name Rosenstock. Neither man was named Rosenstock, and the call-back number they left was that of a hotel at which no one named Rosenstock was registered. They traveled from Fort Lauderdale, a "source" city for drugs, and walked separately through the Amtrak station. The State cites *People v. Forrest* (1988), 172 Ill. App. 3d 385, 526 N.E.2d 616, in support of its argument that these factors establish a reasonable, articulable suspicion that the defendant was carrying narcotics. In *Forrest,* the defendant flew into Chicago from a "source" city and on arrival at Midway airport lagged behind other passengers, continually looking over his shoulder as he traveled through the concourse and terminal. Although he consented to speak to the police officers, he was nervous and argumentative and remarked that he was frequently confronted concerning drugs, a statement similar to that made by the defendant in *United States v. Place* (1983), 462 U.S. 696, 77 L. Ed. 2d 110, 103 S. Ct. 2637. In the instant cause, there was no testimony that the defendant was scanning the area for surveillance or acting in a manner which would lead the officers to suspect that he was carrying narcotics. The testimony regarding his actions at the station showed only that he and his companion exited the train together, then walked separately through the terminal. At most, the factors enumerated by the State showed that the defendant desired to travel anonymously. In our estimation, these factors are insufficient to establish a reasonable, articulable suspicion that the defendant was carrying narcotics.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.